```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY BAYLOR,                          )
                                      )  Civil Action
              Petitioner              )  No. 11-cv-01068
                                      )
                                      )
       vs.                            )
                                      )
MARIROSA LAMAS,                       )
THE ATTORNEY GENERAL OF THE STATE     )
   OF PENNSYLVANIA and                )
THE DISTRICT ATTORNEY OF THE          )
   COUNTY OF PHILADELPHIA,            )
                                      )
              Respondents             )
```

O R D E R

NOW, this 21st day of March, 2012, upon consideration of the following documents:

    (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by petitioner Troy Baylor pro se on February 14, 2011;

    (2) Brief for Appellant filed by petitioner on March 30, 2011;

    (3) Amended Brief for Appellant filed by petitioner on April 11, 2011;

    (4) Response to the Petition for Writ of Habeas Corpus, which response was filed by respondents on April 13, 2011;

    (5) Plaintiff's Response to Defendants' Answer Dated April 13, 2011, which response was filed by petitioner on April 28, 2011;

    (6) Report and Recommendation by United States Magistrate Judge Lynne A. Sitarski filed August 1, 2011;

    (7)    Memorandum in Support of Habeas Corpus, Order for Immediate Release from Imprisonment and Judicial Review of Administrative Record which memorandum was filed by petitioner on September 30, 2011;

    (8)    Application to Proceed In Forma Pauperis, Supporting Documentation and Order filed by petitioner December 21, 2011;

it appearing that the extent to which petitioner's state-court proceedings are ongoing is unclear; it further appearing after de novo review of this matter that Magistrate Judge Sitarski's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

    <u>IT IS ORDERED</u> that the Report and Recommendation is approved and adopted.[1]

---

[1]  On February 14, 2011, pro se petitioner Troy Baylor filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  By Order dated March 8, 2011 and filed March 9, 2011 I referred petitioner's case to United States Magistrate Judge Lynne A. Sitarski for a report and recommendation.

On August 1, 2011 Magistrate Judge Sitarski filed her Report and Recommendation ("R & R").  In the R & R, Magistrate Judge Sitarski indicates that petitioner has a direct and collateral appeal pending in state court and therefore concludes that petitioner failed to establish that he exhausted his available remedies in state court.  Accordingly, Magistrate Judge Sitarski recommends that the petition be dismissed without prejudice to re-file after his state court proceedings have concluded.

Pursuant to the Notice accompanying the R & R and Rule 72.1 IV(b) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania, petitioner had fourteen days to file objections to the R & R.

On September 30, 2011, petitioner filed his Memorandum in Support of Habeas Corpus, Order for Immediate Release from Imprisonment and Judicial Review of Administrative Record.  Petitioner's memorandum does not address the R & R directly.  However, because petitioner's memorandum appears to challenge

(<u>Footnote 1 continued</u>):

---

(Continuation of footnote 1):

the recommendation of the Magistrate Judge Sitarski's R & R, I construe the memorandum to constitute objections to the R & R.

Because petitioner's memorandum was filed on September 30, 2011, it was untimely. However, I would overrule petitioner's objections and dismiss the petition even if his objections had been timely filed.

Petitioner's memorandum does not contest the fact that his appellate state court proceedings are ongoing, but rather attacks the merits of his conviction in state court. However, as Magistrate Judge Sitarski concluded, because petitioner's state court proceedings are ongoing, his petition is not ripe for review by the district court.

Generally, an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State".  28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement can only be excused if the petitioner demonstrates an absence of available state corrective process or that circumstances exist which render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1); Boyd v. Waymart, 579 F.3d 330, 367 (3d Cir. 2010).

Here, petitioner admits that his state court proceedings are on-going, and he has not identified anything indicating that the appellate procedure available to him in Pennsylvania would ineffectively protect his rights.

Accordingly, I dismiss the petition without prejudice for petitioner to re-file, if appropriate, following the conclusion of his state court proceedings.

I note that on September 19, 2011 petitioner filed an Informal Brief with the United States Court of Appeals for the Third Circuit. Petitioner apparently seeks to appeal either Magistrate Judge Sitarski's R & R, or her Order dated August 1, 2011 and filed August 2, 2011, in which Magistrate Judge Sitarski denied petitioner's Application for Relief Pursuant to Rule 60(b), which petitioner filed on July 21, 2011.

Regardless of whether petitioner intends to appeal Magistrate Judge Sitarski's August 1, 2011 R & R or her August 2, 2011 Order, his appeal does not preclude my approval and adoption of the R & R.

As a general rule, a timely filed notice of appeal immediately confers jurisdiction on the Court of Appeals and divests a district court of jurisdiction over the aspects of the case involved in the appeal. However, jurisdiction of the district court is "not lost by the taking of an appeal from an order or judgment which is not appealable." Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985).

Here, petitioner's seeks to appeal either Magistrate Judge Sitarski's R & R or her August 2, 2011 Order, neither of which are appealable.

(Footnote 1 continued):

IT IS ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed without prejudice for petitioner to re-file his petition, if appropriate, after the conclusion of his state court proceedings.

IT IS FURTHER ORDERED that the Brief for Appellant is dismissed without prejudice for petitioner to re-file, if appropriate after the conclusion of his state court proceedings.[2]

IT IS FURTHER ORDERED that the Application to Proceed In Forma Pauperis, Supporting Documentation and Order is dismissed as moot.

IT IS FURTHER ORDERED that the Clerk of Court mark this case closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 1):

Magistrate Judge Sitarski's R & R and August 2, 2011 Order are not appealable because the courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States...." 28 U.S.C. § 1291. An order from a magistrate judge is not a "final" order of the district court within the meaning of section 1291. Siers v. Morrash, 700 F.2d 113, 115 (3d Cir. 1983).

Therefore, petitioner's notice of appeal does not divest me of jurisdiction to approve and adopt the R & R and dismiss the petition pending completion of petitioner's state court proceedings.

[2]  Petitioner's Brief for Appellant "moves for an Order to set aside and vacate plaintiff's Non-Violent conviction" and contains a proposed Order (Brief for Appellant, page 1). To the extent the Brief for Appellant is construed as a separate motion from the petition filed February 14, 2011, I dismiss it for the same reasons that I dismiss the petition.